NOTICE

Decision filed 07/20/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 260323-U

NO. 5-26-0323

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 24-CF-656 |
| | ) | |
| MARQUES ANTHONY ESTES, | ) | Honorable |
| | ) | Ralph R. Bloodworth III, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Justices Sholar and Bollinger concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court erred in revoking the defendant's pretrial release as the circuit court applied the incorrect section of the statute and applicable burden. We reverse and vacate the circuit court's orders regarding pretrial release and/or conditions entered on August 11, 2025; August 26, 2025; September 10, 2025; November 4, 2025; and February 24, 2026.

¶ 2                                    I. BACKGROUND

¶ 3    Pretrial release is governed by article 110 of the Code of Criminal Procedure of 1963, as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023) (Act). 725 ILCS 5/art. 110 (West 2024).

¶ 4    The defendant, Marques Anthony Estes, was charged by information, on October 15, 2024, with one count of unlawful manufacture or delivery of a controlled substance (720 ILCS 570/401(c)(2) (West 2024)), a Class 1 felony, and one count of unlawful possession of a controlled

1

substance (*id.* § 402(c)), a Class 4 felony. The State did not seek to detain the defendant. The same day, the circuit court entered a conditions of pretrial release order, which found the defendant was not charged with a detainable offense pursuant to section 110-6.1 of the Act (725 ILCS 5/110-6.1 (West 2024)). The defendant's mandatory conditions of release included, *inter alia*, that he not violate any criminal statute of any jurisdiction, that he not consume alcohol, cannabis, illegal drugs or prescription drugs without a valid prescription in the defendant's name, and that he refrain from possessing a firearm or other dangerous weapon.

¶ 5　　On January 23, 2025, the State filed a "verified petition to revoke, modify, or impose sanctions for failure of pretrial release conditions." The petition alleged "the defendant was on pretrial release *for a detainable offense* and violated any pretrial release condition (110-6(a)(1))." (Emphasis added.) The circuit court scheduled a hearing on the petition for February 10, 2025; a transcript of this hearing is not contained within the record on appeal. The record on appeal contains a pretrial progress report that alleged the defendant violated the conditions of his pretrial release because on November 19, 2024, the defendant completed random alcohol and drug testing, which was positive for THC, alcohol, and oxycodone. Additionally, on January 28, 2025, the defendant had new charges filed against him in Jackson County case 2025-DT-10, which alleged on January 23, 2025, he committed the offense of driving under the influence of alcohol and improper lane usage. Another violation report was filed on February 10, 2025, which alleged that on February 10, 2025, the defendant tested positive for THC. On February 10, 2025, the circuit court sentenced the defendant to serve 10 days in the Jackson County jail as a sanction for the defendant's violations of pretrial conditions.

¶ 6　　On April 22, 2025, the State filed a subsequent "verified petition to revoke, modify, or impose sanctions for failure of pretrial release conditions." The petition alleged "the defendant

2

was on pretrial release *for a detainable offense* and violated any pretrial release condition (110-6(a)(1))." (Emphasis added.) A pretrial progress report filed on April 21, 2025, alleged the defendant tested positive for THC on February 10, 2025. The circuit court's docket entry of April 21, 2025, noted the defendant failed to appear in court that day, and a warrant was issued for the defendant. It appears that the circuit court did not hear or rule on the State's April 22, 2025, petition.

¶ 7    On May 22, 2025, the State filed an "amended verified petition to revoke pretrial release conditions (725 ILCS 5/110-6)." The petition alleged:

> "the defendant was arrested for a felony or class A misdemeanor. (110-6(b)(1)), specifically:
> On or about the 21st day of May, 2025, the defendant, knowingly possessed or carried a machine gun, a glock 19 handgun with a machine gun conversion devise, being a switch, at a time when the machine gun was loaded and on his person, in violation of Illinois Compiled Statute, Chapter 720, Sec. 24-1(a)(7)(i). Class X Felony; and
> On or about the 21st day of May, 2025, the defendant, knowingly obstructed or resisted the performance of Amy Wyant to be a peace officer engaged in the execution of her official duties, in that the defendant tensed up and pulled away from Officer Wyant, in violation of Illinois Compiled Statutes, Chapter 720, Section 5/31-1(a). Class A Misdemeanor."

¶ 8    The circuit court conducted a hearing on the amended petition on May 27, 2025. In support of its petition, the State called Officer Heather Pierce of the Carbondale Police Department to testify. Officer Pierce testified that she responded to a domestic disturbance involving the defendant and the mother of his child. After the reporting witness informed Officer Pierce that the defendant possessed a firearm, the officer conducted a pat-down search and recovered a loaded Glock 19 handgun from the defendant's front pants pocket. Officer Pierce testified that the firearm had been modified with a "switch," converting it from a semiautomatic firearm into a machine gun. The defendant did not possess either a firearm owner's identification card or a concealed carry license. During cross-examination, Officer Pierce acknowledged that the defendant stated he

3

had taken possession of the firearm from the child's mother. No other witnesses testified, and the parties proceeded to argument.

¶ 9 The State argued that while on pretrial release, the defendant was charged with a new Class X felony for possessing a firearm with a switch that was found in the defendant's pants pocket. The defendant had also been previously sanctioned for his violation of pretrial release conditions. Further, the State contended that the defendant "violated his pretrial release once before, he's violated it again, we would ask that this time his pretrial release be revoked."

¶ 10 Defense counsel only addressed the new charge. Counsel argued that the defendant removed the firearm to protect the child, and the defendant was not aware the gun had been modified with a switch. After considering the testimony, arguments of counsel, and the pretrial investigation report, the circuit court made the following oral pronouncements:

> "THE COURT: *** The presumption is always release, and if not release outright, on a combination of methods which can ensure the safety of the public, specific individuals, the defendant themselves and/or to prevent a flight risk.
>
> The Court has considered the testimony and evidence, the presumption can be overcome by clear and convincing evidence. It is important to note [the defendant] is presumed innocent of all the charges in both cases, the State still has to prove him guilty beyond a reasonable doubt at either a trial by jury or a trial by judge on each and every count in each and every case. We'll note two cases pending, one arising out of an incident allegedly in October of last year, this one is May of this year, the Court has considered what's been presented here today, at this point in time the Court will find the State has overcome the presumption of release or modification and the release will be revoked outright on [the defendant]. I find that by clear and convincing evidence *regarding a danger to the community at this point in time and individuals of the community*." (Emphasis added.)

The circuit court made a docket entry the same day, which stated: "Argument heard. Court considers, finds that defendant's release is revoked, dangerous. Appeal rights given."

4

¶ 11　On August 11, 2025, the defendant's privately retained counsel filed an entry of appearance and motion to substitute for the defendant's previously appointed public defender. The same day, the defendant's first motion for relief was filed, which set forth the following:

"1. Defendant's pre-trial detention was ordered on May 27, 2025 following a hearing on the State's Amended Verified Petition to Revoke Pretrial Release.

2. The Court found detention was necessary as the State had proven by clear and convincing evidence that proof of Defendant's involvement in a detainable offense, that he posed a real and present threat and that no conditions less restrictive than his continued detention could mitigate that threat.

3. Defendant respectfully requests this Honorable Court reconsider the finding that no means less restrictive than detention are available to protect the public or a specific person.

4. Defendant argues that home confinement with GPS monitoring would protect the public or a specific person sufficiently in lieu of his continued pretrial detention.

5. Defendant was previously sanction [*sic*] and his pretrial release was ultimately revoked, but assures the Court that his recent incarceration has made an important change in his attitudes towards complying with pretrial release conditions.

WHEREFORE, Defendant prays that this Honorable Court deny the State's Petition to Detain and enter an order releasing him from jail on conditions of pretrial release."

¶ 12　The same day, the State filed an objection to the defendant's motion for relief. After setting forth the procedural history of the case, the State argued:

"9. The defendant poses a real and present threat that no pre trial measure can mitigate.
　a.　Home confinement is insufficient because it is reactionary and does not keep items of contraband including drugs or guns from being brought to him. Furthermore, pretrial services lacks the ability to search people's houses.
　b.　Other conditions including testing or treatment are insufficient because the court has already given him a chance to complete that and he has not.
10. The defendant also poses a threat to witnesses in his other case.
11. Nothing has changed about his circumstances except that he has private counsel now. Nothing has changed that makes him less of a threat."

5

The same day, the circuit court held a hearing on the defendant's motion for relief, denied it, and admonished the defendant regarding his appeal rights.

¶ 13    Two weeks later, on August 25, 2025, the defendant filed a second motion for relief. The following sentence was added to the first paragraph of the motion: "On August 11, 2025 Defendant's Motion for Relief was denied and his detention continued." Otherwise, the second motion for relief and prayer for relief, including the incorrect request that the State's petition to detain be denied, was identical to the defendant's first motion for relief. On August 26, 2025, the State filed an objection, which was substantially similar to its objection to the defendant's first motion for relief. The State added,

> "10. While the defendant states that his recent incarceration has made him a changed individual, the State still maintains that this assertion does nothing to mitigate the real and present threat he poses to the community and to witnesses. He has been incarcerated before and that proved to do nothing to ensure compliance when released. Further, that does not overcome the real and present threat he poses. Home confinement is insufficient considering the newer offense, also the reason he was revoked, allegedly occurred inside the home he was staying at. This demonstrates that even when home it does not ensure compliance or mitigate the danger to the community."

The circuit court held a hearing on the defendant's second motion for relief on August 26, 2025, denied the motion, and advised the defendant of his appeal rights.

¶ 14    Fourteen days later, on September 9, 2025, the defendant filed his third motion for relief, which was identical to the second motion for relief. The motion was denied on September 10, 2025. On November 3, 2025, the defendant filed his fourth motion for relief, which was identical to the second and third motions for relief. The motion was denied on November 4, 2025.

¶ 15    On February 17, 2026, the defendant filed his fifth motion for relief, which was substantially similar to his second, third, and fourth motions for relief. The fifth motion added that his prior motions for relief had been denied, and that as of the date of filing, the defendant had been incarcerated for 267 days. The State responded that the defendant's fifth motion raised the

same arguments advanced in the prior motions, emphasized that the only meaningful change was the passage of time, and argued that the defendant had failed to demonstrate any new information or changed circumstances warranting release.

¶ 16    On February 24, 2026, the circuit court held a hearing on multiple motions, including the defendant's fifth motion for relief. After hearing the parties' arguments, the circuit court made, *inter alia*, the following oral pronouncements:

> "THE COURT: \*\*\* The Court does remember all of the arguments in this case vividly, including the other case where he's charged with that Class X felony, unlawful use of weapons and what the defendant's position would be regarding that, certainly allegations and the defendant is presumed innocent of all charges in both cases.
>
> The Court has considered those things, position of both sides, prior findings, pretrial investigation reports, at this point in time the Court will find this:
>
> Your motion is going to be granted over the State's objection, Mr. Estes. You are going to be released on an ankle monitor. I don't care if you go to East St. Louis or Georgia, but you can't be in Carbondale or Jackson County other than for court hearings, okay?"

The same day, a pretrial services order was entered that imposed conditions of release on the defendant. The defendant was ordered to: (1) not violate the law of any jurisdiction while on bond; (2) shall immediately report to the Jackson County Pre-Trial Services Office (PSO) to schedule an intake appointment. Defendant shall thereafter complete the intake appointment and interview with the PSO; (3) shall report as directed and otherwise conform with all reasonable rules and requirements of the PSO; and (4) shall provide the PSO with his current physical address, mailing address, and phone number. The defendant shall notify the PSO and the circuit clerk of any change in address or phone number within 24 hours of the change. Absent from the written order on conditions was the condition that the defendant remain outside of Jackson County other than for court appearances.

7

¶ 17　On March 11, 2026, the State filed a motion for relief regarding the circuit court's order releasing the defendant on pretrial conditions. Of relevance to this appeal, the State's motion for relief alleged the following:

> "2. The People respectfully request that the Court reconsider its decision upon the following grounds:
>
>> a. The Court erred in failing to find that the defendant's continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, or to prevent the defendant's willful flight from prosecution.
>> b. The Court erred by abusing its discretion in determining, at a hearing on the defendant's continued detention pursuant to *725 ILCS 5/110-6.1(i-5)*, that continued detention was no longer necessary to avoid a real and present threat to the safety of any person or persons or the community, where the Court had previously found that the nature of the offense indicated the defendant posed a real and present threat, and there were no changed circumstances bearing on the defendant's dangerousness and the mitigation of his dangerousness between the date of the defendant's initial detention and the date of the continued detention hearing on March 10, 2026.[1]
>> c. The State had previously shown by clear and convincing evidence that there were no conditions or combinations of conditions that would ensure the safety of the community or prevent the defendant from being a flight-risk, and nothing had changed in the interim. ***" (Emphasis added.)

¶ 18　The circuit court conducted a status hearing on March 23, 2026, to address multiple matters, including the State's motion for relief. The State reported to the circuit court that, "The State is in the process of appealing the release of the defendant and so we filed a motion to reconsider. It's one of those where it has to be denied before we can proceed further with the appeal process, so we would ask the Court to issue a ruling on that as well." In response, the circuit court stated, "Okay. The Court will issue a ruling on the motion for relief from the Court's previous ruling granting [the defendant's], one of his motions for pretrial release or out on release, the State's motion for relief is denied, denied [*sic*], they can therefore appeal the Court's decision

---

[1]There is no report of proceedings in the record on appeal for a hearing on March 10, 2026. Further, there is no indication from the circuit court's docket sheet that anything occurred in this case on March 10, 2026.

8

through that streamline process, that does not affect his cases, though." No argument was presented regarding the State's motion for relief. The State filed a timely notice of appeal on April 13, 2026.

¶ 19                    II. ANALYSIS

¶ 20     The State's form notice of appeal pursuant to Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024) lists "the date(s) of hearing(s) regarding pretrial release" as February 24, 2026, and lists "the date of order on motion for relief" as March 23, 2026. Based upon our review of the record on appeal and the applicable statute, we find the initial revocation order to be dispositive in this case, and as such, we will consider it on review. See *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 435-36 (an unspecified judgment is reviewable if it is a "step in the procedural progression leading" to the judgment specified in the notice of appeal). The disposition of this case involves a matter of statutory interpretation, which we review *de novo*. *Rudy v. People*, 2013 IL App (1st) 113449, ¶ 11.

¶ 21     Pretrial release is governed by article 110 of the Code of Criminal Procedure of 1963 (Code), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023) (Act). 725 ILCS 5/art. 110 (West 2024). Under the Code, a defendant's pretrial release may only be denied in certain statutorily limited situations. Section 110-6.1 of the Act governs the initial denial of pretrial release. *Id.* § 110-6.1. Section 110-6 of the Act governs the revocation of pretrial release, modification of conditions of pretrial release, and sanctions for violations of conditions of pretrial release. *Id.* § 110-6.

¶ 22     Section 110-6 of the Act provides, *inter alia*, as follows:

> "(a) When a defendant has previously been granted pretrial release under this Section for a felony or Class A misdemeanor, that pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State.
> * * *

9

The court before which the previous felony matter or Class A misdemeanor is pending may revoke the defendant's pretrial release after a hearing. During the hearing for revocation, the defendant shall be represented by counsel and have an opportunity to be heard regarding the violation and evidence in mitigation. The court shall consider all relevant circumstances, including, but not limited to, the nature and seriousness of the violation or criminal act alleged. *The State shall bear the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor.*

In lieu of revocation, the court may release the defendant pre-trial, with or without modification of conditions of pretrial release.

* * *

(b) If a defendant previously has been granted pretrial release under this Section for a Class B or Class C misdemeanor offense, a petty or business offense, or an ordinance violation and if the defendant is subsequently charged with a felony that is alleged to have occurred during the defendant's pretrial release or a Class A misdemeanor offense that is alleged to have occurred during the defendant's pretrial release, such pretrial release may not be revoked, but the court may impose sanctions under subsection (c).

* * *

(j) At each subsequent appearance of the defendant before the court, the judge must find that continued detention under this Section is necessary to reasonably ensure the appearance of the defendant for later hearings or to prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." (Emphasis added.) *Id.*

¶ 23 In the present case, the parties and the circuit court materially misapplied or misunderstood the relevant section of the Act. Additionally, counsel for both the State and the defendant repeatedly misstated the procedural history regarding the defendant's initial release on pretrial conditions.

¶ 24 The defendant was originally charged, on October 15, 2024, with offenses that the circuit court found were not detainable under section 110-6.1 of the Act, so the defendant was released on conditions of pretrial release. *Id.* § 110-6.1. On February 10, 2025, following the State's first "verified petition to revoke, modify, or impose sanctions for failure of pretrial release conditions," the defendant was sanctioned with 10 days in jail due to noncompliance with pretrial release orders. While not relevant to the ultimate disposition of this case, we note that in this petition, and the State's next petition to revoke pretrial release conditions filed on April 22, 2025, both incorrectly

10

asserted that "the defendant was on pretrial release for a detainable offense and violated any pretrial release condition."

¶ 25 The State filed an amended verified petition to revoke pretrial release conditions on May 22, 2025. In this petition, the State asserted "the defendant was arrested for a felony or class A misdemeanor," and then cited to section 110-6(b) of the Act, which is not applicable to this defendant as he was initially granted pretrial release after being charged with Class 4 and Class 1 felonies. Section 110-6(b) of the Act applies to a defendant that was previously granted pretrial release for a Class B or Class C misdemeanor offense, a petty or business offense, or an ordinance violation. *Id.* § 110-6(b). Notably, under section 110-6(b), revocation is not allowed.

¶ 26 The circuit court then conducted a hearing on the State's amended petition. The State argued the defendant was charged with a new felony, so his pretrial release should be revoked. The circuit court revoked the defendant's pretrial release after finding "by clear and convincing evidence regarding a danger to the community at this point in time and individuals of the community." The circuit court applied the wrong section of the Act to the defendant's revocation hearing. The circuit court applied section 110-6.1(e), which is relevant to an initial denial of pretrial release following a verified petition by the State to deny a defendant pretrial release.

> "(e) Eligibility: All defendants shall be presumed eligible for pretrial release, and the State shall bear the burden of proving by clear and convincing evidence that:
> (1) the proof is evident or the presumption great that the defendant has committed an offense listed in subsection (a), and
> (2) for offenses listed in paragraphs (1) through (7) of subsection (a), the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, by conduct which may include, but is not limited to, a forcible felony, the obstruction of justice, intimidation, injury, or abuse as defined by paragraph (1) of Section 103 of the Illinois Domestic Violence Act of 1986, and
> (3) no condition or combination of conditions set forth in subsection (b) of Section 110-10 of this Article can mitigate (i) the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, for offenses listed in paragraphs (1) through

11

(7) of subsection (a), or (ii) the defendant's willful flight for offenses listed in paragraph (8) of subsection (a), and

(4) for offenses under subsection (b) of Section 407 of the Illinois Controlled Substances Act that are subject to paragraph (1) of subsection (a), no condition or combination of conditions set forth in subsection (b) of Section 110-10 of this Article can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, and the defendant poses a serious risk to not appear in court as required." *Id.* § 110-6.1(e).

¶ 27　In a hearing on a petition to revoke pretrial release, the relevant consideration is whether the State can prove, "by clear and convincing evidence, that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." *Id.* § 110-6. Accordingly, as a matter of law, the circuit court's order revoking the defendant's pretrial release in this case was based on the wrong burden and the wrong section of the Act.

¶ 28　The numerous motions for relief filed by the defendant's counsel established the continued misapprehension and misapplication of the appropriate statute, as the parties consistently argued regarding the defendant's alleged dangerousness. The first four motions for relief filed on behalf of the defendant contained the same typographical errors, and each prayed that the circuit court "deny the State's Petition to Detain." The State's objections to the motions for relief also focused on dangerousness and whether conditions could mitigate any threat.

¶ 29　After the defendant's success in obtaining release, the State filed its own motion for relief. This motion for relief continues to cite the wrong section of the Act. The State's motion for relief argues the defendant's detention should have continued due to the threat he posed to the safety of any person or the community. It also explicitly cited to the wrong section of the statute when it cited to section 110-6.1(i-5) of the Act (725 ILCS 5/110-6.1(i-5) (West 2024)). While section 110-6.1(i-5) is relevant to continued detention determinations following an initial detention order,

12

section 110-6(j) applies to continued detention determinations following a revocation of pretrial release.

¶ 30    Additionally, when the State was heard on its motion for relief, it failed to present any argument, and merely requested a ruling so that it could pursue an appeal with this court. The motion for relief serves more than one purpose. *People v. Patterson*, 2025 IL App (1st) 250510, ¶ 18. Its initial purpose is to give the aggrieved party an opportunity to draw the circuit court's attention to any errors it may have made in the initial release determination and give the court an opportunity to correct them. *Id.* But it also "crystalizes and frames the issues for appeal." *Id.* ¶ 19. Merely filing a motion for relief and then asking the court to rule in order to get to the next step is not the intended purpose of the rule.

¶ 31                                III. CONCLUSION

¶ 32    Based on the foregoing, we find that the circuit court erred in revoking the defendant's pretrial release because the circuit court applied the incorrect section of the Act and applicable burden. Accordingly, the order revoking the defendant's pretrial release and the subsequent orders entered regarding pretrial release and/or conditions entered on August 11, 2025; August 26, 2025; September 10, 2025; November 4, 2025; and February 24, 2026, are vacated.

¶ 33    Reversed; orders vacated.

13